**CASTELLANI LAW FIRM, LLC**
450 Tilton Road, Suite 245
Northfield, New Jersey 08225
(609) 641-2288
Attorneys for Plaintiff(s)

| | |
|---|---|
| DENNIS HANEY and MINDY HANEY,<br>Individually,<br>           Plaintiff(s),<br>   v.<br><br>PHILADELPHIA EAGLES, HUSSEY<br>SEATING COMPANY, JOHN DOE 1-10,<br>JOHN DOE MANUFACTURER 1-10,<br>JOHN DOE DISTRIBUTOR, INSTALLER<br>COMPONENT PART MANUFACTURER<br>1-10, MARY DOE 1-10, ABC PARTNER-<br>SHIPS 1-10, XYZ CORPORATIONS 1-10,<br>jointly, severally, or in the alternative,<br>           Defendant(s), | UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF NEW JERSEY<br><br><br>CIVIL ACTION NO.:<br><br><br>CIVIL ACTION<br><br><br>COMPLAINT, JURY DEMAND &<br>DESIGNATION OF TRIAL COUNSEL |

Plaintiffs, Dennis Haney and Mindy Haney, residing at 400 26th Street, in the City of

Brigantine, County of Atlantic, and State of New Jersey, by way of Complaint against the

Defendants, says:

### FIRST COUNT

1. On or about January 11, 2004, plaintiff, Dennis Haney, was a business

invitee upon the premises of Lincoln Financial Field, in the City of Philadelphia and

State of Pennsylvania.

2. Defendant, Philadelphia Eagles, is a business entity incorporated whose principal

place of business is in the State of Pennsylvania.

3. Defendant, Hussey Seating Company, is a business owned, operated, and

incorporated, whose principal place of business is in the State of Maine.

4. Pursuant to 28USC1332, the amount in controversy is in excess of $75,000.00

and as such diversity jurisdiction is present.

5. At the aforementioned time and place, the plaintiff was caused to fall and

Dockets.Justia.com

become injured.

6. The defendant, Philadelphia Eagles, were owners and operators of the Lincoln Financial Field, through their agents, representatives, and/or employees were negligent in breaching their duty to the plaintiff to use ordinary care and diligence to design, build, keep, and maintain the said premises in a condition reasonably safe for its intended uses, free of all defects and conditions which would render it dangerous and unsafe for the plaintiff or present an unreasonable risk of harm to the plaintiff in the use of said premises.

7. The defendant, Philadelphia Eagles, through their agents, representatives, and/or employees were further negligent in breaching their duty to the plaintiff to have available sufficient personnel and equipment to properly inspect, properly repair seating, and properly maintain the aforesaid premises in a condition reasonably safe for the plaintiff and free from defects and conditions rendering it unsafe.

8. The aforesaid acts of negligence on the part of the defendants combined and concurring were the proximate cause of the injuries sustained by the plaintiff as herein alleged.

9. As a proximate result of the aforementioned negligence the plaintiff, Dennis Haney, was caused to sustain severe and permanent bodily injuries which necessitated and will in the future necessitate the expenditure of large sums of money for medical treatment, endured and will in the future be caused to endure pain and suffering, and was unable to attend to his normal duties and occupations for a substantial period of time.

10. The plaintiff alleges that an insufficient amount of time has passed within which to determine the identity of any other individuals or business entities who may be responsible, in whole or in part, for the installation, manufacturing, design or maintenance of the stadium seating in question causing the aforesaid accident. For purposes of the within Complaint, said individuals and business entities have been nominated as John Doe 1-10, John Doe Manufacturer 1-10, John Doe Distributor, Installer, Component Part Manufacturer 1-10, Mary Doe 1-10, ABC Partnerships 1-10, and XYZ Corporations 1-10. The plaintiff, pursuant to the Rules of Court for the State

of New Jersey, reserves the right to amend the within Complaint relative to additional defendants, when and if the identify of said individuals or business entities becomes known.

WHEREORE, plaintiffs demand judgment against these defendants for damages, interest, costs of suit, attorneys' fees, and such other relief as the Court deems just and equitable.

## SECOND COUNT

1.    Plaintiffs repeats and incorporates each and every allegations of the First Count as if same is fully set forth at length.

2.    On or about the aforementioned date and place, the defendants, Hussey Seating Company, John Doe 1-10, John Doe Manufacturer 1-10, John Doe Distributor, Installer, Component Part Manufacturer 1-10, Mary Doe 1-10, ABC Partnerships 1-10, XYZ Corporations 1-10, were business entities and through their agents, servants or employees, were responsible for the design, installation, maintenance, manufacture and distribution of certain stadium chairs and/or seating installed and maintained in the Lincoln Financial Field.

3.    The defendants, as aforesaid, jointly, severally, and in the alternative and through their agents, servants and employees, were negligent in carrying out the aforesaid duties.

4.    As a proximate result of the aforementioned negligence the plaintiff, Dennis Haney, was caused to sustain severe and permanent bodily injuries which necessitated and will in the future necessitate the expenditure of large sums of money for medical treatment, endured and will in the future be caused to endure pain and suffering, and was unable to attend to his normal duties and occupations for a substantial period of time.

5.    The plaintiff alleges that an insufficient amount of time has passed within which to determine the identity of any other individuals or business entities who

may be responsible, in whole or in part, for the installation, manufacturing, design or maintenance of the stadium seating in question causing the aforesaid accident. For purposes of the within Complaint, said individuals and business entities have been nominated as John Doe 1-10, John Doe Manufacturer 1-10, John Doe Distributor, Installer, Component Part Manufacturer 1-10, Mary Doe 1-10, ABC Partnerships 1-10, and XYZ Corporations 1-10. The plaintiff, pursuant to the Rules of Court for the State of New Jersey, reserves the right to amend the within Complaint relative to additional defendants, when and if the identify of said individuals or business entities becomes known.

WHEREFORE, plaintiffs demand judgment against these defendants for damages, interest, costs of suit, attorneys' fees, and such other relief as the court deems just and equitable.

## THIRD COUNT

1.    Plaintiffs repeats and incorporates each and every allegation of the First and Second Counts as if same were fully set forth herein at length.

2. The defendants, jointly, severally and in the alternative, through their agents, servants or employees installed, designed, manufactured, and distributed a product which was not reasonably fit, suitable or safe for its intended purpose because it deviated from the design specifications and/or the performance standards of the manufacturer, failed to contain adequate warnings or instructions, and/or was designed and/or manufactured in a defective manner. The defendants herein, jointly, severally and in the alternative, are strictly liable pursuant to Restatement (Second) of Torts §402a, 402b.

3.    It is further alleged that the stadium seating in question left the manufacturers' control when the product was defective.

4.    It is further alleged that the stadium seating in question malfunctioned after being given normal and foreseeable use, and as such, defendant's are strictly liable pursuant to

§402a,b Restatement (Second) Torts.

5.     As direct and proximate result of the aforementioned strict liability for a defective product, the plaintiff was caused to sustain severe and permanent bodily injuries which necessitated and will in the future necessitate the expenditure of large sums of money for medical treatment, endured and will in the future be caused to endure pain and suffering, and was unable to attend to his normal duties and occupations for a substantial period of time.

6.     The plaintiff alleges that an insufficient amount of time has passed within which to determine the identity of any other individuals or business entities who may be responsible, in whole or in part, for the installation, manufacturing, design or maintenance of the stadium seating in question causing the aforesaid accident.  For purposes of the within Complaint, said individuals and business entities have been nominated as John Doe 1-10, John Doe Manufacturer 1-10, John Doe Distributor, Installer, Component Part Manufacturer 1-10, Mary Doe 1-10, ABC Partnerships 1-10, and XYZ Corporations 1-10.  The plaintiff, pursuant to the Rules of Court for the State of New Jersey, reserves the right to amend the within Complaint relative to additional defendants, when and if the identify of said individuals or business entities becomes known.

WHEREFORE, plaintiffs demand judgment against these defendants for damages, interest, costs of suit, attorneys' fees, and such other relief as the court deems just and equitable.

## FOURTH COUNT

1.  Plaintiff repeats and incorporates each and every allegation of the First, Second, and Third Counts as if same were fully set forth herein at length.

2.  Defendant, Philadelphia Eagles, and defendant, Hussey Seating, and defendant, John Doe Product Sellers or Distributors, were sellers and/or distributors and

manufacturers of the stadium seating within the meaning of the Restatement (Second) Torts §402a,b.

3.    Defendants impliedly warranted to the public including plaintiff, that the seating offered was reasonably fit for its intended use and purpose and was of good and merchantable quality.

4.    Defendant's knew or should have known that they were relied upon to furnish safe merchandise for use by the public.

5.    Defendants breached their implied warranties of fitness for a particular purpose and merchantability proximately causing plaintiff's damages.

6.    The plaintiff alleges that an insufficient amount of time has passed within which to determine the identity of any other individuals or business entities who may be responsible, in whole or in part, for the installation, manufacturing, design or maintenance of the stadium seating in question causing the aforesaid accident. For purposes of the within Complaint, said individuals and business entities have been nominated as John Doe 1-10, John Doe Manufacturer 1-10, John Doe Distributor, Installer, Component Part Manufacturer 1-10, Mary Doe 1-10, ABC Partnerships 1-10, and XYZ Corporations 1-10. The plaintiff, pursuant to the Rules of Court for the State of New Jersey, reserves the right to amend the within Complaint relative to additional defendants, when and if the identify of said individuals or business entities becomes known.

WHEREFORE, plaintiffs demand judgment against these defendants for damages, interest, costs of suit, attorneys' fees, and such other relief as the court deems just and equitable.

## FIFTH COUNT

1.    Plaintiff repeats and incorporates each and every allegation of the First, Second, Third, Fourth, and Fifth Counts as if same were fully set forth herein at length.

2.    Plaintiff, Mindy Haney, is the wife of plaintiff, Dennis Haney.

3.     As a result of the injuries suffered by her husband as aforesaid, plaintiff, Mindy Haney, has and will, in the future, suffer the loss of the usual services and consortium of her spouse and has been required to provide special services and care to him.

WHEREFORE, plaintiffs demand judgment against the defendants for damages, interest, costs of suit, attorneys' fees, and such other relief as the court deems just and equitable.

Dated: January 4, 2006

DAVID R. CASTELLANI, ESQUIRE
Attorney for Plaintiff(s), D & M Haney

## JURY DEMAND

Plaintiff hereby demands trial by a jury on all issues herein.

## DEMAND PURSUANT TO RULE 4:17-1 (b)(ii)

Plaintiff demands answers to Form C and C(2)  Uniform Interrogatories in lieu of service of the Interrogatories themselves.

## NOTICE OF TRIAL COUNSEL

PLEASE TAKE NOTICE that DAVID R. CASTELLANI, ESQUIRE, is hereby designated as trial counsel in the above-captioned litigation for the firm of GOLDENBERG, MACKLER & SAYEGH, P.A. pursuant to Rule 4:25-4.

## CERTIFICATION UNDER RULE 4:5-1

I, DAVID R. CASTELLANI, ESQUIRE, hereby certify, pursuant to New Jersey Court Rule 4:5-1, that to the best of my knowledge, the claims raised herein are not the subject of any other action pending in any Court or the subject of any arbitration proceeding, and no such other action or arbitration is contemplated.

I certify that the foregoing statements made by me are true to my personal knowledge. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment for perjury.

Dated: January 4, 2006

DAVID R. CASTELLANI, ESQUIRE
Attorney for Plaintiff(s), D & M Haney